12-4720
Wang v. Holder

BIA
A079 652 714

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> REENA RAGGI,
> *Circuit Judges.*

_____

YINGGUI WANG,
> *Petitioner,*

v.                                    12-4720
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        G. Victoria Calle, Calle & Associates, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yinggui Wang, a native and citizen of the People's Republic of China, seeks review of an October 31, 2012, order of the BIA denying his motion to reopen proceedings. *See Yinggui Wang*, No. A079 652 714 (B.I.A. Oct. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wang's motion to reopen, filed in 2012, was untimely because the BIA issued a final order of removal in 2004.

To the extent Wang argues that his conversion to Christianity excuses the untimeliness of his motion to reopen, his conversion amounts to a change in his personal

circumstances, which is not an exception to the 90-day time limit. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

Wang also argues that changed conditions in China excuse the untimeliness of his motion to reopen, but points to no evidence in the record that establishes that there has been any change in the treatment of Christians in China. The claim is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Even if not waived, none of the evidence Wang presented in support of reopening compels the conclusion that conditions in China have changed, as the evidence reflects repression of Christians pre-dating his original proceeding. *See* 8 U.S.C. § 1252(b)(4)(B) (the BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing agency's factual findings regarding country conditions under

3

the substantial evidence standard); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (looking to the date on which the immigration judge closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable).

Finally, to the extent Wang challenges the BIA's refusal to reopen the proceedings *sua sponte*, we lack jurisdiction to review that decision. *See Ali*, 448 F.3d at 517-18.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4